# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **David Karvan**            )<br>                               )<br>        **Plaintiff,**        )<br>    vs.                        )<br>                               )<br>                               )<br>                               )<br>**PENN HILLS POLICE DEPARTMENT,**  )<br>**OFFICER DENNIS ROBL**        )<br>in his individual and official capacities,  )<br>**OFFICER DAVID KLOBUCHER**    )<br>in his individual and official capacities,  )<br>                               )<br>                               )<br>                               )<br>        **Defendants.**         )<br>                               )<br>                               ) | **CIVIL ACTION**<br>**No.**    2:23cv132<br><br>**JURY TRIAL DEMANDED**<br><br><br><br><br><br>**ELECTRONICALLY FILED**<br><br>**TYPE OF PLEADING:**<br>**COMPLAINT**<br><br>Filed on behalf of Plaintiffs<br><br>Counsel of record for this Party:<br><br>Max B. Roesch, Esquire<br>PA I.D. No. 326577<br><br>THE LINDSAY LAW FIRM, P.C.<br>110 East Diamond Street<br>Suite 301<br>Butler, PA 16001<br>Phone: (724) 282-6600<br>Fax: (724) 282-2672 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **David Karvan** | ) | CIVIL ACTION |
| | ) | No. |
| **Plaintiff,** | ) | |
| vs. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| **PENN HILLS POLICE DEPARTMENT** | ) | |
| **OFFICER DENNIS ROBL** | ) | |
| in his individual and official capacities, | ) | |
| **OFFICER DAVID KLOBUCHER** | ) | |
| in his individual and official capacities, | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

AND NOW comes Plaintiff David Karvan by and through his attorneys, Max B. Roesch, Esquire and THE LINDSAY LAW FIRM, P.C., and files this Complaint and avers the following:

## INTRODUCTION

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Penn Hills Police Department, acting under color of law, violated Plaintiff's Fourth Amendment right to be secure from a warrantless search and seizure of her person and from injuries to his person, when officers of the North Hills Police Department assaulted him without any discernable cause.

## JURISDICTION and VENUE

2. This action arises under 42 U.S.C. § 1983.  This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and § 1343 and the Fourth and Fourteenth

Amendment to the United States Constitution. This Court further has supplemental jurisdiction to hear Plaintiff's state claims of pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in the Western District of Pennsylvania as this is the district where the cause of action arose, the district where the transactions and occurrences took place out of which the cause of action arose, and is a district in which Defendants regularly conduct activity.

## THE PARTIES

4. Plaintiff, David Karvan, is an adult individual residing in Westmoreland County, Pennsylvania, was and still is a citizen of the United States and the Commonwealth of Pennsylvania.

5. Defendant Penn Hills Police Department is a law enforcement agency established and operating under the laws of the Commonwealth of Pennsylvania.

6. Defendant Officer Dennis Robl is an individual and at all times material hereto was employed as an Officer with the Penn Hills Police Department, and at all times material hereto acted under color of law. He is sued in his individual and official capacities.

7. Defendant Officer David Klobuchar is an individual and at all times material hereto was employed as an Officer with the Penn Hills Police Department, and at all times material hereto acted under color of law. He is sued in his individual and official capacities.

8. On January 26, 2021 Plaintiff David Karvan travelled with his partner, Kim Kester, to the home of Kester's daughter.

9. Kester had recently moved out of her daughters home due to a deterioration

in the relationship between Kester and her daughter.

8. Kester had arranged to retrieve her belongings from her daughters home.

9. Plaintiff remained in the car while Kester went in to retrieve her belongings.

10. Approximately ten minutes after Kester entered the home, Plaintiff heard shouting and the sounds of a struggle coming from inside the home.

11. Plaintiff was concerned that a violent altercation between Kester and her daughter was occurring.

12. Plaintiff dialed 911 on his cellphone to report the altercation.

13. Officers from the Penn Hills Police Department arrived approximately ten minutes later.

14. Plaintiff observed the officers approach the home and knock on the front door.

15. Plaintiff observed Kester's daughter answer the door and she proceeded to point at Plaintiff.

16. The officers then approached Plaintiff.

17. Plaintiff opened the car door to get out and speak to the officers.

18. Plaintiff was immediately pulled out the vehicle thrown to the ground.

19. The two officers began striking Plaintiff.

20. Some time later, a third officer arrived on the scene.

21. Plaintiff was then handcuffed.

22. Plaintiff was then dragged to a police car.

23. At no time did Plaintiff resist the officers or refuse to comply with any

instructions.

24.  The officers dragged Plaintiff in the police car by his neck.

25.  Plaintiff lost consciousness.

26.  Plaintiff came to in a holding cell.

27.  A police officer asked Plaintiff if he wanted to go to the hospital.

28.  Plaintiff responded that he did want to go to the hospital, and was transported shortly thereafter to UPMC Monroeville.

29.  Plaintiff was charged with filing a false report, resisting arrest, and driving under the influence.

## The Aftermath

30.  As a result of the aforementioned events, Plaintiff suffers from frequent nightmares.

31.  As a result of the aforementioned events, Plaintiff sustained nerve damage in his shoulder.

32.  As a result of the aforementioned events, Plaintiff's sustained abrasions and lacerations on his face, hands, arms, and knee.

33.  Plaintiff has undergone surgery, physical therapy, neurology analysis.

34.  Plaintiff's injuries have not fully healed.

35.  As a result of the aforementioned injuries, Plaintiff has become permanently disabled.

## Count 1

### Violation of 42 U.S.C. § 1983: Violation of Fourth Amendment and Fourteenth Amendment: Freedom from Assault

36.  The prior paragraphs are incorporated by reference as if fully set forth

herein.

37.     The right to be secure in one's person is protected by the Fourth and Fourteenth Amendments.

38.     Defendants' repeatedly struck and manhandled Plaintiff.

39.     Plaintiff suffered numerous injuries at the hands of the Defendants including:

  a. Neurologic damage
  b. Severe migraings,
  c. Broken rib,
  d. frequent nightmares,
  e. back and shoulder pain,
  f. multiple contusions
  g. bruising all over his body.

40.     Defendants' actions put Plaintiff in fear of imminent bodily harm

WHEREFORE, Plaintiffs demand judgment against the in an amount in excess of the arbitrations limits, plus costs, punitive damages, attorney fees, and such relief as the Court may deem proper. A JURY TRIAL IS DEMANDED.

## PENDANT STATE CLAIMS

### Count 2

### Intentional Infliction of Emotional Distress

114.    The prior paragraphs are incorporated herein by reference as if set forth fully at length.

115. The aforesaid intentional and wanton acts of Defendants have caused the Plaintiff severe emotional distress.

116. Defendant's conduct herein was extreme and outrageous, and Defendants acted intentionally and recklessly, and with willful misconduct thereby causing severe emotional distress to Plaintiffs.

117. "Willful misconduct, for the purposes of tort law, has been defined by [the Pennsylvania] Supreme Court to mean conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied." *Renk v. Pittsburgh,* 537 Pa. 68, 641 A.2d 289, 293 (1994) (citing *Evans v. Phila. Transp. Co.,* 418 Pa. 567, 212 A.2d 440, 443 (1965)).

118. Defendant's conduct would cause an average member of the community to arouse his resentment against the Defendants and lead him to exclaim, "Outrageous!"

119. Plaintiff has suffered physical harm as a result of Defendants actions.

WHEREFORE, Plaintiffs demand judgment against the Defendants in an amount in excess of the arbitrations limits, plus costs, punitive damages, and such relief as the Court may deem proper. A JURY TRIAL IS DEMANDED.

**Count 3**

**Battery**

120. The prior paragraphs are incorporated by reference as if fully set forth herein.

121. Battery has been described by the Supreme Court of Pennsylvania as "an unconsented touching that is either harmful or offensive." *C.C.H. v. Philadelphia Phillies, Inc.*, 940 A.2d 336, 340 (2008).

122. Defendant's intended to have non-consensual physical contact with the Plaintiff and that contact resulted in physical harm.

123. Defendant's contact with Plaintiff would be contact that a reasonable person would find harmful or offensive.

124. Plaintiff suffered actual harm from the Defendant's harmful and offensive touching.

125. Defendant was placed in actual harm and suffered the aforementioned injuries due to Defendants' willful misconduct.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of the arbitrations limits, plus costs, punitive damages, and such relief as the Court may deem proper.   A JURY TRIAL IS DEMANDED.

Respectfully submitted:

The Lindsay Law Firm, P.C.,

*/s/Max B. Roesch*
Max B. Roesch, Esq.
Pa. Supreme Court Id. No. 326577
110 East Diamond Street, Suite 301
Butler, Pennsylvania 16001
Phone: (724) 282-6600